# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARECE M. ADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1515-JCH |
| | ) | |
| DOWNTOWN DENTAL ASSOCIATES, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a filing by self-represented plaintiff Charece M. Adkins, titled "Plaintiff's Motion to Supplement Complaint." The Court will construe this filing as a motion for leave to file an amended complaint. For the following reasons, the motion will be granted. Additionally, the Court will order plaintiff to file her Equal Employment Opportunity Commission (EEOC) right-to-sue letter if she wishes to proceed with her Title VII claims against defendants.

On October 20, 2020, plaintiff filed the instant action alleging employment discrimination in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*, as well as claims for negligence and negligence per se. ECF No. 1. Plaintiff's claims were asserted in eighty-six (86) numbered paragraphs. *Id.* at 8-18. Plaintiff did not attach to her complaint a copy of her charge of discrimination with the EEOC or right-to-sue letter. Consequently, on November 12, 2020, the Court issued an Order directing plaintiff to supplement her complaint by filing a copy of her charge of discrimination with the EEOC and a copy of the EEOC right-to-sue letter. ECF No. 5 (citing *Stuart v. General Motors Corp.*, 217 F.3d

621, 630 (8th Cir. 2000) ("In order to initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter.").

On December 8, 2020, in response to the Court's Order, plaintiff filed the instant "Motion to Supplement Complaint," in which she seeks to "add additional allegations" in "support of her Title VII claim, which describes how the Missouri Commission on Human Rights (MCHR), refused to issue a right-to-sue letter upon her request and their refusal to forward her request to the Equal Employment Opportunity Commission." ECF No. 7. Attached to plaintiff's motion is an attachment, titled "Plaintiff's First Supplemental Complaint." This document mirrors plaintiff's original complaint with the addition of fifteen numbered paragraphs explaining why she is unable to submit copies of her charge of discrimination or right-to-sue letter. The Court will construe plaintiff's "Motion to Supplement Complaint" as a motion for leave to file an amended complaint and further construe "Plaintiff's First Supplemental Complaint" as her proposed amended complaint. The Court will grant plaintiff's request and direct the Clerk of Court to detach the relevant attachments to the motion and file as plaintiff's first amended complaint.

As to plaintiff's Title VII claim, she must exhaust her administrative remedies. *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999). "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." *Rush v. State of Arkansas DWS*, 876 F.3d 1123, 1125 (8th Cir. 2017). A plaintiff who has received notice of the right to sue then has ninety days to file a civil action. 42 U.S.C. § 2000e-5(f)(1). While plaintiff has submitted documents to the Court evidencing she cannot obtain a right-to-sue letter from the MCHR, which consequently prevents her from proceeding on any MCHR claims in this Court, she must, however, submit a right-to-sue letter specifically from the EEOC if she wishes to proceed on her Title VII claims. *See*

*Johnson v. City of Kansas City, MO.*, No. 07-0664-CV-W-ODS, 2008 WL 65395, at *3 (W.D. Mo. Jan. 4, 2008) (even though the MCHR and the EEOC have a work sharing agreement, the requirement to obtain separate right to sue letters for MCHR claims versus Title VII claims still exist). Therefore, plaintiff will be given twenty-one (21) days from the date of this Order to file her right-to-sue letter from the EEOC, which is separate from a right-to-sue letter from the MCHR. If plaintiff fails to comply, her Title VII claim will be dismissed for failure to exhaust her administrative remedies.

Plaintiff is encouraged to contact the Federal Legal Advice Clinic for possible assistance in this matter. Appointments can be made for a free virtual 30-minute consultation online at www.bamsl.org/federalcourt or by phone at 855-978-7070. Effective October 7, 2020, all meetings will be scheduled by Zoom platform with sessions available on Wednesdays from 10:00 a.m. to 12:00 p.m

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall submit a copy of both her charge of discrimination as well as a copy of her Equal Employment Opportunity Commission right-to-sue letter within twenty-one (21) days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion to supplement complaint, construed as a motion for leave to file an amended complaint is **GRANTED**. [ECF No. 7].

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach pages 1–14 of ECF No. 7-1 and file it as Plaintiff's First Amended Complaint. Further, the Clerk of Court shall detach ECF Nos. 7-1 through 7-8 and file them as exhibits to Plaintiff's First Amended Complaint.

3

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss her claims against defendants brought pursuant to Title VII of the Civil Rights Act of 1964 without further proceedings.

Dated this 10th day of December, 2020.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE