# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARECE M. ADKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-1515-JCH |
| ) | |
| DOWNTOWN DENTAL ASSOCIATES, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motions of self-represented Plaintiff Charece M. Adkins for leave to proceed *in forma pauperis*, ECF No. 2, and to supplement her amended complaint, ECF No. 10. Upon review and consideration of the financial information filed in support, the Court finds Plaintiff is unable to pay the filing fee and the motion to proceed *in forma pauperis* will be granted. *See* 28 U.S.C. § 1915. The Court will also grant Plaintiff's motion to supplement her amended complaint to include her charge of discrimination and right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

Additionally, the Court has carefully reviewed Plaintiff's amended complaint and for the reasons discussed below, the Court will direct the Clerk of Court to issue process or cause process to issue upon Defendant Downtown Dental Associates on Plaintiff's Title VII race discrimination claims; and to issue process or cause process to issue upon Defendants Downtown Dental Associates, Dr. Joel Leudeke, Dr. Graydon Ballard, III, and Pauline Harrelson on Plaintiff's 42 U.S.C. § 1981 race discrimination claims.

**Background**

On October 20, 2020, Plaintiff filed the instant action against her former employer, Downtown Dental Associates ("DDA"), and three supervisors alleging employment discrimination on the basis of race in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), as well as claims under Missouri common law for negligence and negligence per se. ECF No. 1.

Plaintiff did not attach to her complaint a copy of her charge of discrimination or EEOC right-to-sue letter. Consequently, on November 12, 2020, the Court issued an Order directing Plaintiff to supplement her complaint with the required documents. ECF No. 5 (citing *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000) ("In order to initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter.")).

On December 8, 2020, Plaintiff filed a "Motion to Supplement Complaint," which the Court construed as a motion for leave to file an amended complaint. ECF No. 7. The Court granted Plaintiff's request, directed the Clerk to detach the relevant attachments from the motion and file as Plaintiff's first amended complaint. ECF No. 8. The Court again ordered Plaintiff to submit a copy of both her EEOC charge of discrimination and right-to-sue letter if she wished to proceed with her Title VII claims. *Id.*

On January 4, 2021, Plaintiff filed a second "Motion to Supplement Complaint." ECF No. 10. Attached to the motion is a copy of both her charge of discrimination and EEOC right-to-sue letter. The Court will grant this motion and consider the attachments, ECF No. 10 at 3-5, as exhibits to her amended complaint.

**Amended Complaint**

Plaintiff's amended complaint is asserted in one hundred and one (101) numbered paragraphs against her former employer, DDA, and three supervisors, Dr. Joel Leudeke, Dr. Graydon L. Ballard III, and Pauline Harrelson. ECF No. 9. Plaintiff brings her claims pursuant to 42 U.S.C. § 1981 and Title VII for employment discrimination based on race. Additionally, Plaintiff brings common law claims for negligence and negligence per se.

According to the amended complaint, Plaintiff, an African American female, applied to work as a dental assistant at DDA in January of 2019. Plaintiff states she was educationally qualified for the position and had prior experience in the field. Plaintiff was interviewed by Defendant Harrelson, the Office Manager at DDA, who offered her a "three[-]day work-in opportunity and explained that she would be hired, if she demonstrated in those three days that she's qualified for the position." On January 17, 2019, after the three-day period, Harrelson hired Plaintiff.

Immediately after starting her employment with DDA, Plaintiff alleges Defendants Dr. Leudeke and Dr. Ballard treated her differently because of her race and created a hostile work environment. Plaintiff states they would "snatch tools out of her hands" and "then push the tools back into her hands" which could have caused her injury, spoke to her rudely, and ignored her when she greeted them in the morning or presented job-related questions. Plaintiff states Dr. Leudeke and Dr. Ballard made her feel "uncomfortable, unwelcomed, and made it known that they didn't want her working with them, although she hadn't done anything wrong."

Plaintiff alleges she was informed by an employee at DDA that "DDA doesn't hire blacks" and "DDA only hires blacks to look good on paper then gets rid of them." Plaintiff alleges she heard Dr. Ballard say "I don't like your kind" as he passed by her. On January 27, 2019, the day

after Dr. Ballard made the comment, Plaintiff was terminated and replaced with a white woman who had no experience as a dental assistant. Plaintiff asked Harrelson why she was terminated, but she was not provided with a reason. Plaintiff alleges her termination was an adverse employment action that would not have occurred but for her race.

Plaintiff seeks "actual economic damages," "compensatory damages, including but not limited to those for past and future pecuniary and non-pecuniary loses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, [and] loss of enjoyment of life," as well as punitive and nominal damages.

Plaintiff submitted a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") on June 5, 2019, alleging race discrimination. ECF No. 9-1. The MCHR informed Plaintiff on July 15, 2019 that it dually filed her charge with the MCHR and the EEOC. ECF No. 9-2. On December 13, 2019, the MCHR issued a determination of no probable cause, which Plaintiff alleges she did not receive notice of until six (6) months after its issuance.[1] ECF No. 9-3. On December 21, 2020, the EEOC issued Plaintiff a notice of right-to-sue. ECF No. 10. It therefore appears, at this stage of litigation, the instant Title VII and 42 U.S.C. § 1981 action is timely filed.

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for

---

[1] Plaintiff's amended complaint is brought pursuant to Title VII and 42 U.S.C. § 1981, with two Missouri common law claims. Because the amended complaint does not appear to allege any claims pursuant to the Missouri Human Rights Act ("MHRA") there is no need for this Court to address the timeliness of this lawsuit as to the MHRA 90-day statute of limitations. *See* Mo. Rev. Stat. § 213.111(1) (claims brought under the MHRA "shall be filed within ninety days from the date of the commission's notification letter to the individual.").

4

relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented litigant's complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

## Discussion

### A. Title VII Claims

The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). Title VII prohibits "employer discrimination on the basis

5

of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018).  "Title VII [also] prohibits employers from retaliating against an employee who is engaged in a protected activity, which can be either opposing an act of discrimination made unlawful by Title VII . . . or participating in an investigation under Title VII." *Hunt v. Nebraska Pub. Power Dist.*, 282 F.3d 1021, 1028 (8th Cir. 2002). Absent direct evidence of discrimination, a plaintiff asserting a Title VII racial discrimination claim must establish: (1) membership in a protected class; (2) qualification for the position; (3) an adverse employment action; and (4) facts giving rise to an inference of discrimination on the basis of race. *Robinson v. American Red Cross*, 753 F.3d 749, 754 (8th Cir. 2014).

Having reviewed the amended complaint, including the charge of discrimination and the notice of right-to-sue from the EEOC, the Court determines Plaintiff has alleged enough for initial review against Defendant DDA as to the race discrimination claim under Title VII. Plaintiff alleges she is a member of a protected class, is a qualified dental assistant, was subjected to an adverse employment action because of race, and similarly situated employees of a different race were treated more favorably.  Therefore, based on the Court's initial review, the Court will order process to issue against Defendant DDA on the Title VII claim. *See* 28 U.S.C. § 1915(e)(2).

The Court, however, will dismiss Plaintiff's Title VII claims against Defendants Harrelson, Dr. Leudeke, and Dr. Ballard. Title VII provides a remedy *only* against an employer. The Eighth Circuit Court of Appeals has squarely held that "supervisors may not be held individually liable under Title VII." *Bonomolo–Hagen v. Clay Central–Everly Community School District*, 121 F.3d 446, 447 (8th Cir. 1997) (per curiam) (citing *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691–92 (8th Cir. 1997)); *see also Bales v. Wal-Mart Stores Inc.*, 143 F.3d 1103, 1111 (8th Cir.

1998). As a result, Plaintiff's Title VII claims against his employer, DDA, are sufficient to proceed at this time; however, as to her supervisors as individuals, such claims fail to state a claim upon which relief can be granted, are legally frivolous, and will be dismissed.

### B. 42 U.S.C. § 1981 Claims

Section 1981 provides that all persons within the jurisdiction of the United States shall have "the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). To establish a prima facie case for race discrimination under § 1981, "a plaintiff must show (1) she is a member of a protected class, (2) she met her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination (for example, similarly situated employees outside the protected class were treated differently)." *Young v. Builders Steel Co.*, 754 F .3d 573, 577 (8th Cir. 2014) (internal quotation marks omitted).

Having reviewed the amended complaint, the Court determines Plaintiff has alleged enough for initial review against Defendants DDA, Dr. Leudeke, Dr. Ballard, and Harrelson as to her race discrimination claim under § 1981. Plaintiff alleges she is a member of a protected class, is a qualified dental assistant, and was subjected to disparate treatment and an adverse employment action because of race, and similarly situated employees of a different race were treated more favorably.  Therefore, based on the Court's initial review, the Court will order process to issue against all Defendants on the 42 U.S.C. § 1981 claims. *See* 28 U.S.C. § 1915(e)(2).

### C. Negligence and Negligence Per Se Claims

As discussed above, Plaintiff has sufficiently pled federal claims pursuant to Title VII and 42 U.S.C. § 1981 to survive initial review. As such, plaintiff's state common law claims of

7

negligence and negligence per se may, at this stage of litigation, be entertained under the federal supplemental jurisdiction statute, 28 U.S.C. § 1367.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**. [ECF No. 2].

**IT IS FURTHER ORDERED** that Plaintiff's motion to supplement amended complaint is **GRANTED**. [ECF No. 10].

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach pages 3, 4 and 5 of ECF No. 10 and file them as exhibits to Plaintiff's first amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination based on race against Defendants Dr. Joel Leudeke, Dr. Graydon Ballard, III, and Pauline Harrelson are **DISMISSED**, without prejudice, as they are legally frivolous and fail to state a claim for relief. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that as to Plaintiff's claims of race discrimination brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, the Clerk of Court shall issue process or cause process to issue upon Defendant Downtown Dental Associates at: 720 Olive Street, Suite 1700, St. Louis, Missouri 63101.

**IT IS FURTHER ORDERED** that as to Plaintiff's claims of race discrimination brought pursuant to 42 U.S.C. § 1981 and common law claims of negligence and negligence per se, the Clerk of Court shall issue process or cause process to issue as to Defendants Downtown Dental Associates, Dr. Joel Leudeke, Dr. Graydon Ballard, III, and Pauline Harrelson at: 720 Olive Street, Suite 1700, St. Louis, Missouri 63101.

A separate Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 6th day of January, 2021.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE